IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                  ORDER

      v.                                             01-cr-14-bbc-02

JAMES G. HAMMOND,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of James G. Hammond's supervised release was held on August 4, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Paul Connell. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Michael P. Bell.

From the record and defendant's stipulations I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on July 6, 2001, following his conviction for conspiracy to possess with intent to distribute and distribution

in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). This is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 120 months, with a five-year term of supervised release to follow. On November 6, 2002, defendant's sentence was amended to 102 months' imprisonment to be followed by a five-year term of supervised release.

Defendant began his term of supervised release on July 24, 2007. In October 2009, defendant violated a mandatory condition prohibiting him from committing another federal crime; a mandatory condition prohibiting him from illegally possessing a controlled substance; and Statutory Condition No. 7, which also prohibits him from possessing a controlled substance. On October 11, 2009, defendant was arrested by Douglas County, Wisconsin, Sheriff's Department deputies and charged with manufacture/deliver THC (Tetrahydrocannabinols) >1000-2500 grams, a Class G felony. On October 12, 2009, defendant was interviewed by Detective Michael J. Miller and admitted that he had grown and harvested marijuana plants. Defendant was charged originally in the Circuit Court for Douglas County, Wisconsin, in case no. 09-CF-228. On June 2, 2010, the U.S. Attorney's office in the Western District of Wisconsin filed a one-count information against defendant, charging that on October 11, 2009, he knowingly and intentionally manufactured marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). Case No. 10-CR-106-bbc-01. On June 7, 2010, defendant pleaded guilty to the new charge as filed in the

information. The state charges have been dismissed in lieu of the federal prosecution.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon the finding of a Grade A violation. In addition, 18 U.S.C. § 3583(g)(1) requires revocation of supervised release for possession of a controlled substance.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the five-year term of supervised release imposed on defendant on November 6, 2002, will be revoked.

Defendant's criminal history category is V. With a Grade A violation, defendant has an advisory guideline term of imprisonment of 30 to 37 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months because this offense is a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant James G. Hammond on November 6, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 6 months with no supervised release to follow. Under USSG §7B1.3(f), the sentence shall be served consecutively to defendant's sentence in Case No. 10-cr-106-bbc-01.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 5th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
U.S. District Judge